882



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Traylor Russell
District Attorney
76th Judicial District
Mt. Pleasant, Texas

Dear Sir:

Opinion No. O-5994
Re: Whether the depository
bank can require the
approval of the Tax-
Collector's monthly
reports, and related
questions.

     In your letter dated April 28, 1944, you submit four questions upon which you desire the opinion of this department. These questions taken from your letter are substantially restated as follows:

    1. Whether or not the depository bank can require the approval of the Tax-Collector's monthly reports insofar as state taxes are concerned by some person, or agency, other than the Commissioners' Court of Morris County, before paying commissions due the Collector for the collection of State taxes, and

    2. If so, who is the proper person, or agency, to make such approval and the procedure necessary thereto;

    3. Are monthly reports showing motor vehicle registration fees collected required to be approved by the Commissioners' Court or some other agency or person; and

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Traylor Russell, Page 2

4. If such reports are not required to be approved by some agency, or person, is the depository bank liable to the County for permitting the Collector to receive commissions for the collections of the same even though the Collector may make an error and receive more commission than he is entitled to; in other words, is the depository bank required in effect to audit such accounts to see that the Collector is receiving the proper commissions?

The monthly report referred to in your request is not to be confused with the fiscal report required by Article 3897, but we construe your request solely as relating to withdrawals prior to its approval or settlement made with the Comptroller as contemplated within Articles 3896-3901 inclusive, V. A. C. S.

In our opinion No. O-1090, approved July 31, 1939, a copy of which is hereto attached, we held that where a Tax Collector was compensated on an annual fee basis and deposited the fees and commissions he would be authorized under law to retain in the depository bank, the bank has the right to require such fiduciary officer to furnish proof of the amount legally due the Tax-Collector as a condition precedent to the withdrawal of same. The statutes therein cited are pertinent to this inquiry and we consider same without recopying them at length, wishing to point out, however, that Paragraphs Nos. 4, 5, 6 and 7 of Article 7260 and Nos. 4, 5 and 6 of Article 7261 were omitted as irrelevant to the question considered in the above opinion. We deem it pertinent here to set forth such paragraphs 4, 5 and 6 of Article 7261, reading as follows:

"4. At the next regular meeting of the Commissioners Court, the Tax Collector shall appear before said Court and make a summarized statement, showing the disposition of all moneys, both of the State and county, collected by him during the previous three (3) months. Said statement must show that all taxes due the State have been

Hon. Traylor Russell, Page 3

promptly remitted to the State Treasury at the
end of each month, and all taxes due the county
have been paid over promptly to the County
Treasurer and shall file proper vouchers and re-
ceipts showing same.

"5.   The Commissioners Court shall examine
such statement and vouchers, together with an
itemized report and tax receipt stubs filed each
month, and shall compare the same with the tax
rolls and tax receipt stubs.  If found correct
in every particular, and if the Tax Collector
has properly accounted for all taxes collected,
as provided above, the Commissioners Court shall
enter an order approving said report, and the
order approving same shall be recorded in the
minutes.

"6.   The Tax Collector shall finally adjust
and settle his account with the Commissioners
Court for the county taxes collected, at the same
time and in the same manner as is provided in the
foregoing Article in his settlement with the State.
Acts 1893, p. 90; G. L., vol. 10, p. 520;  Acts
1937, 45th Leg., p. 1326, ch. 491, § 1."

The case of New Amsterdam Casualty Co. vs. First
National Bank, 134 S. W. (2d) 470, involved a suit by the
Plaintiff as surety on the bond of the Tax Assessor and Col-
lector against the depository bank for loss sustained as a
result of wrongful appropriation of excess fees.  Referring
in its opinion to Article 7260 and 7261, Vernon's Annotated
Civil Statutes, in their entirety, the El Paso Court of Civil
Appeals said, and we quote:

"These portions of the statute seem to us
to plainly forbid the payment to the county col-
lector from the public money in the depository
of his earned fees until his accounts are approved
by the commissioners' court.  Austin v. Kiser, Tex.
Civ. App., 277 S. W. 411, affirmed, Tex. Com. App.,
286 S. W. 1082;  Knight v. Harper, Tex. Civ. App.,
279 S. W. 589, 590;  Austin v. Fox, Tex. Civ. App.,
297 S. W. 341, 343."

Hon. Traylor Russell, Page 4

The foregoing case is cited as authority by the
5th Circuit Court of Appeals in Citizen's National Bank of
Waco vs. Fidelity and Deposit Company of Maryland, 117 Fed.
(2d) 852, certiorari denied, 61 S. Ct. 947, wherein it was
held that the County Commissioners were the only ones who
had the power or authority to approve fees of the Tax-Assessor and Collector.

Article 1637, Revised Civil Statutes, 1925, provides:

"To examine finance accounts.--The commissioners court shall, at each regular term, examine all accounts and reports relating to the
finances of the county, and compare the same
with the vouchers accompanying them, and cause
such corrections to be made as are necessary,
in order to make said accounts and reports correct, and shall cause all orders made by them,
appertaining to said accounts and reports, to be
properly entered upon the minutes of said court
and noted upon said accounts and reports."

Article 3896, V. A. C. S., provides that in counties
having no county auditor, it shall be the duty of the commissioners' court to make the examination of the books and accounts
of each district, county and precinct officer showing all fees
and commissions earned by him.

Article 3897 of such Statutes, contains the provision
requiring a copy of the fiscal report (on forms designated and
approved by the State Auditor) to be filed with the County Auditor, if any; otherwise, same to be filed with the commissioners'
court, and Article 3899 (a) relates to the sworn monthly expense
report required of each Tax Assessor and Collector compensated
on a fee basis.

Article 3937, V. A. C. S., contains the following
provision:

" . . . .

"The commissioners' court shall allow the assessor of taxes such sums of money to be paid monthly from the county treasury, as may be necessary to pay for clerical work, taking assessments and making out the tax rolls of the county, (such sums so allowed to be deducted from the amount allowed to the assessor as compensation upon the completion of said tax rolls); provided, the amount allowed the assessor by the commissioners' court shall not exceed the compensation that may be due by county to him for assessing."

Article 3939, R. C. S., 1925, provides for and fixes the commission payable to the Tax Assessor and Collector for the collection of both State and county taxes.

Under the foregoing authorities, the commissioners' court is the only legally constituted governmental body or agency authorized to approve the monthly reports of the Tax Assessor and Collector of Morris County. There is no authority for the county depository requiring such reports to be approved by any other governmental agency as a condition precedent to the withdrawal of commissions earned by the Tax Assessor and Collector and deposited in the depository bank.

It is, therefore, our opinion that your question No. 1 be and it is hereby answered in the negative. This disposes of question No. 2 submitted conditionally and based upon an affirmative answer to question No. 1.

It was held in American Surety Company of New York vs. Wagner National Bank, 13 Fed. Supp. 295, that there was no law which required the receipts from motor vehicle registrations to be deposited in any particular institution. Since we are considering solely the officer's commissions, and under that decision, said commissions remain solely under the control of the officer insofar as the depository bank is concerned.

A reporting and accounting to the State and county for the funds collected under the Motor Vehicle Registration Act is a necessary part of the Tax Assessor and Collector's duties since he performs such duties as a part of the official

Hon. Traylor Russell, Page 6

duties of his office as Tax Assessor and Collector. Harris County v. Hall 172 S. W. (2d) 691, State v. Glass, 167 S. W. (2d) 296. Under the latter case, the Court held that such fees earned by the Tax Assessor and Collector was a fee of office and must be accounted for.

Under question No. 3, you refer to automobile registration receipts, presumably collected under Article 6675a-10e, V. A. C. S. We give primary consideration therefore to those fees provided in Article 6675a-11. We are not advised, however, in what manner they are deposited and held by the depository bank. Being fees of office, Harris County v. Hall, supra, they are to be accounted for by the officer.

Article 6675a-11, V. A. C. S., contains the following provision:

". . . Out of the compensation so allowed County Tax-Collectors, it is hereby expressly provided and required that they shall pay the entire expense of issuing all license receipts and number plates and chauffeurs badges issued pursuant hereto, including the cost of labor performed in issuing said receipts, number plates and badges and the cost of postage used in mailing same to applicants."

Whether or not the monthly expense report of the officer, Article 3899 (a), includes or should include such fees, if material, is not deemed necessary to decide. Since you state the Commissioners' Court is approving a monthly report of such fees, it would appear that your question of withdrawal of these funds affects only the depository bank.

In answer to your question No. 3, it is our opinion that the Commissioner's Court is required, at each regular term to look into and examine the reports and accounts relating to the finances of the county as provided in Article 1637, R. C. S., 1925. This statute is to be construed with Article 3899 (a), V. A. C. S.

Insofar as the facts submitted relate to question No. 4, it appears that same primarily concerns the tax assessor and collector and the depository bank. We say this for the

Hon. Traylor Russell, Page 7

reason that fees and commissions earned by the officer and collected within the limits of the annual maximum and excess fees he is entitled to retain are not strictly the property of the State or county but are considered public funds where deposited in the depository bank unsegregated, and we cannot assume any unlawful withdrawal of State funds involved. At most, the question of liability on the part of the depository bank is one of fact, dependent further upon a situation confronting you as would properly raise the question. At any such time you are confronted with a question of actual loss of State or County funds as a result of withdrawals by the Tax Assessor-Collector from the depository bank, we will be only too glad to go into the question of liability by considering all facts in connection therewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED
OPINION
COMMITTEE

BY

CHAIRMAN

WJRK:fo

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 19 1944